IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EDRIC TREVOR CALDWELL, | ) ) ) | |
| Movant, | ) ) | Cv. No. 13-1224-JDB-egb |
| v. | ) ) | Cr. No. 08-10029-JDB |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) ) | |

ORDER ADDRESSING PENDING MOTIONS,
REFERRING MATTER TO MAGISTRATE JUDGE
FOR POSSIBLE APPOINTMENT OF COUNSEL
AND
DIRECTING THE GOVERNMENT TO FILE A SUPPLEMENTAL ANSWER

Before the Court is the "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("§ 2255 Motion") filed by Movant, Edric Trevor Caldwell, Bureau of Prisons register number 22516-076, an inmate at the United States Penitentiary in Marion, Illinois (Docket Entry ("D.E.") 1), and the following additional motions submitted by him: (1) "Motion for Hearing Instanter" (D.E. 9); (2) "Motion Objecting to Any Further Continuances and/or Delays, Where Petitioner is Entitled to Immediate Release" (D.E. 10); (3) motion for appointment of counsel (D.E. 11); (4) "Motion for Sanctions for Not Serving Plaintiff Copies of Pleadings" (D.E. 12); and (5) a motion for bond (D.E. 13). For the reasons stated below, the Court GRANTS the motion for appointment of counsel, DENIES the remaining motions, and directs the Government to file a supplemental answer.

**I.      BACKGROUND**

   **A.      Criminal Case Number 08-10029**

On February 19, 2008, a federal grand jury returned a single-count indictment charging Caldwell, a convicted felon, with possessing a Rohm .38 special caliber revolver, and a Springfield Armory .357 SIG semiautomatic pistol on or about August 23, 2006 in violation of 18 U.S.C. § 922(g). (D.E. 1.) The factual basis for this charge is stated in the presentence report ("PSR"):

> 3. On August 23, 2007 [sic], Officer Chris Cummings of the Union City (TN) Police Department (UCPD) received information from a local resident, Dwayne Winfield, that Edric Caldwell, a cousin to Mr. Winfield and a resident of Hickman (Fulton County), KY, was going to be traveling to Union City, TN later that day for the purpose of attempting to sell at least two (2) handguns.[1] One of the guns which Mr. Caldwell wished to sell was described by Mr. Winfield as ".357 that the bullets go in a clip," which Officer Cummings knew to be a .357 SIG. Officer Cummings then contacted Chief Deputy Zickefoose of the Fulton County (KY) Sheriff[']s Office and inquired if he was familiar with Edric Caldwell. Chief Deputy Zickefoose responded that he was familiar with Mr. Caldwell and added that he (Caldwell) was a primary suspect in an armed robbery which was committed on August 19, 2006, in Hickman, KY. Chief Deputy Zickefoose further stated that the weapon used in the robbery was known to have been a Springfield .357 SIG and that the perpetrator had used that weapon to pistol-whip Mr. Coy Robinson, the owner of a local liquor store. The model and caliber of the weapon used was known to authorities because, in the process of pistol-whipping Mr. Robinson, the perpetrator had dropped the magazine from the weapon. The magazine was subsequently recovered at the crime scene by case investigators.
>
> 4. Per case officer instructions, Dwayne Winfield made a phone call, most of which was recorded, to Edric Caldwell in order to set up a meeting for the purpose of purchasing the guns that Mr. Caldwell had offered to sell. During that phone conversation, Mr. Caldwell explained that one of the guns was a .357 SIG and gave a description of the weapon. Arrangements were made for Mr. Caldwell to meet Mr. Winfield later that day in the parking lot of Wal-Mart in Union City. It was learned that Mr. Caldwell would be driving a green Chevrolet Cavalier with tinted windows and that he would be coming into the city via West Main Street. An advance check of driver records revealed that Mr. Caldwell's KY driver[']s license was in suspended status. Other officers and/or deputies of the Union City Police and Obion County Sheriff[']s Office were posted at strategic locations and were instructed to be on the look-out for Mr. Caldwell's vehicle. Soon afterwards, case officers positively identified the driver of a green Chevrolet Cavalier traveling on West Main Street as Mr. Caldwell.

---

[1]     It is undisputed that these events occurred on August 23, 2006, the date stated in the indictment.

2

5. Case officers made a traffic stop of Mr. Caldwell at 2305 West Main Street in Union City. The defendant correctly identified himself to officers as Edric Caldwell. Mr. Caldwell was then removed from the vehicle and placed under arrest for Driving on a Suspended License. During a search of the defendant's vehicle, conducted incident to arrest, UCPD Investigator Shawn Palmer located a firearm, specifically identified as a Rohm, model RG-38, .38 special caliber revolver, serial no. 173776, under the rear seat. The weapon was fully loaded with six (6) hollow-point rounds. Six (6) additional .38 caliber rounds were found in a cupholder in the console of the vehicle. While performing an inventory (prior to towing) of the defendant's vehicle, Investigator Cummings located a Pioneer car stereo box in the vehicle's trunk. Inside the stereo box was another handgun, specifically identified as a Springfield Armory, model XD-35, .357 Sig caliber pistol, serial no. US334782. The ammunition magazine for that gun was not found either in the weapon or elsewhere in the vehicle.

6. Following his August 23, 2006, arrest in Obion County, TN, and upon further investigation, Mr. Caldwell was indicted in Fulton County, [KY] on charges of Robbery, First Degree and Assault, First Degree. The Fulton County indictment stemmed from the aforementioned August 19, 2006, robbery of Coy Robinson. Mr. Caldwell was ultimately convicted by a jury on both charges listed in the Fulton County indictment. During the jury trial, counsel for the Commonwealth of KY presented evidence that, on August 19, 2006, Officer Tony Grogan of the Hickman (KY) Police Department responded to the scene of a reported robbery and assault. Upon arrival, Officer Grogan came into contact with a visibly injured victim, Coy Robinson, who was laying on the sidewalk near his residence. Mr. Robinson, the owner of a local liquor store, advised he was jumped and assaulted by two (2) black males. During the assault, Mr. Robinson was beaten about the face and head with a handgun ("pistol-whipped") by one of the perpetrators, later identified as Edric Caldwell. During the assault, a magazine from the handgun used by Mr. Caldwell fell from the weapon to the ground. The magazine was recovered from the location where it fell by investigating officers. When found by Officer Grogan, Mr. Robinson was still in possession of two (2) money bags from his place of business. However, he (Robinson) advised that a third money bag was missing. Mr. Robinson provided officers with a description of a vehicle which was possibly used as a get-away car. Mr. Robinson was transported by ambulance to Parkway Regional Hospital, where he received emergency treatment and was hospitalized in the intensive care unit. The firearm magazine recovered at the crime scene was determined to have likely come from the Springfield Armory .357 SIG seized from Mr. Caldwell on August 23, 2006, in Obion County, TN. As previously noted, the defendant did not have a magazine for the 357 SIG in his possession at the time that weapon was found.

7. It was subsequently determined that, prior to August 23, 2006, Mr. Caldwell had been convicted of the following felony offenses:

Possession of a Schedule II Controlled Substance, Namely Cocaine, on November 13, 1997, in Fulton County (KY) Circuit Court, Dkt. No. 97-CR-00027;

3

Robbery in the First Degree on November 13, 1997, in Fulton County (KY) Circuit Court, Dkt. No. 97-CR-00053;

8. On October 5, 2006, Coy Robinson submitted a completed questionnaire, entitled "VICTIM IMPACT STATEMENT[,]" to the Office of the Commonwealth Attorney for Fulton County, KY. In that document, Mr. Robinson advised that he was hospitalized for two (2) days as a result of the August 23, 2006, assault by Mr. Caldwell. Mr. Robinson described the injuries received during the assault as follows:

> "Beat on the head, face, shoulders, face and chest with large pistol. Required stitches, staples on head, eyebrow, and lips. Required an ambulance to carry me to Parkway Regional Hospital, Fulton, KY and subsequent trips to Dr. White, Hickman, KY, for head injuries. Sent to Paducah, KY to eye doctor by Dr. White."

9. In regard to any damages, losses, or property destroyed as a result of the offense, Mr. Robinson reported the following:

> "Destroyed glasses and watch. Broke my teeth and I have problems with my jaw eating and problem to my eyes."

10. Mr. Robinson also reported in the submitted document that he was "not able to work because of dizzy spells I have with my head" and that "my balance is no good." Mr. Robinson further stated that "he attempted to kill me and had no mercy when he was hitting me with the gun."

11. The total amount of money taken from Mr. Robinson during the August 19, 2006, robbery has not been determined.

12. On February 13, 2008, ATF Special Agent Christopher A. Rogers, who has previously testified in the Western District of TN as an expert witness in the area of firearms identification, origin, and classification, examined a description of the Rohm, model RG-38, .38 special caliber revolver, serial no. 173776, and of the Springfield Armory, model XD-35, .357 Sig caliber pistol, serial no. US334782, found in the defendant's possession on August 23, 2006. Based on his expertise, Special Agent Rogers determined that both of the firearms in question were manufactured outside of the State of TN and, therefore, at some point had traveled in interstate commerce. Additionally, on August 23, 2006, the firearms in question were again transported in interstate commerce when Mr. Caldwell transported those weapons from the State of Kentucky into the State of Tennessee.

(PSR ¶¶ 3-12.)

On January 21, 2009, Caldwell appeared before this judge to plead guilty to the sole count of the indictment. (D.E. 37.) There was no written plea agreement. At a hearing on April 24, 2009,

4

the Court sentenced Caldwell to a term of imprisonment of one hundred twenty months, to be followed by a three-year period of supervised release. (D.E. 42, 47.)[2] Judgment was entered on April 29, 2009. (D.E. 44.) The United States Court of Appeals for the Sixth Circuit affirmed Caldwell's sentence. United States v. Caldwell, No. 09-5581 (6th Cir. June 22, 2010).

B.      Case Number 13-1224

On July 31, 2013, Caldwell filed his *pro se* § 2255 Motion. (D.E. 1.) The sole issue presented is whether Movant is entitled to a new sentencing hearing in light of the decision in Caldwell v. Kentucky, No. 2011-CA-000174-MR, 2012 WL 4208931 (Ky. Ct. App. Sept. 21, 2012), which held that an evidentiary hearing was required on Caldwell's motion for relief under the Kentucky Rules of Civil Procedure. *See* RCr 11.42.[3] On remand, Caldwell agreed to a plea agreement that required him to plead guilty to possession of a firearm by a convicted felon on August 23, 2006. As part of the plea agreement, the charges of first degree robbery, first degree assault, and being a first degree persistent felony offender were dismissed. (*See* D.E. 8-1.) The Kentucky convictions for first degree robbery and first degree assault were the source for the cross-reference under U.S.S.G. § 2K2.1(c)(1)(A).

---

[2] The 2008 edition of the Guidelines Manual was used to calculate Movant's sentence. (PSR ¶ 16.) Section 2K2.1(c)(1)(A) of the United States Sentencing Guidelines ("U.S.S.G.") provides that, if a defendant convicted of unlawful possession of a firearm used or possessed that firearm in connection with the commission or attempted commission of another felony offense, a cross-reference to § 2X1.1 (attempt, solicitation, or conspiracy) may be applied. Pursuant to U.S.S.G. § 2X1.1(a), the base offense level from the guidelines for the substantive offense may be applied, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The base offense level for armed robbery is twenty. U.S.S.G. § 2B3.1(a). Caldwell received a six-level enhancement because a firearm was "otherwise used" to beat the victim during the course of the robbery, U.S.S.G. § 2B3.1(b)(2)(B), a five-level enhancement because the victim sustained injuries the degree of which would likely fall between the levels of "serious bodily injury" and "permanent or life threatening bodily injury," id. § 2B3.1(b)(3)(E), and a three-level reduction for acceptance of responsibility, id. § 3E1.1, resulting in a total offense level of twenty-eight. Given Movant's criminal history category of III, the guideline sentencing range was ninety-seven to 121 months.

[3] Kentucky Rule of Criminal Procedure 11.42 is a motion to vacate, set aside, or correct sentence.

On December 5, 2013, the Court ordered the Government to respond to the § 2255 Motion, which it did on February 27, 2014. (D.E. 8.) On March 31, 2014, Caldwell filed his reply to the Government's response. (D.E. 14.)

## II.     PENDING MOTIONS

Movant filed five motions on February 28, 2014. (D.E. 9, 10, 11, 12 & 13.) The Government has not responded to these motions, and the time to do so has expired.

In his "Motion for Hearing Instanter" (D.E. 9), the inmate argues that the sentence enhancements no longer apply and that he should be resentenced to time served. He asks for a hearing at the earliest possible time. Because the Government will be required to file a supplemental answer for the reasons stated below, this motion is DENIED.

Caldwell's "Motion Objecting to Any Further Continuances and/or Delays, Where Petitioner is Entitled to Immediate Release," objects to "any further Extensions of Time and/or Delays by the Government, where the Petitioner is entitled to Immediate Release." (D.E. 10 at 1.) This motion is DENIED because the Government has no pending motions for additional time. Movant's objection to any further motions seeking additional time is noted.

Movant has also requested appointment of counsel. (D.E. 11.) The Sixth Amendment right to the appointment of counsel in criminal cases extends to the first appeal as of right. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. §

2255 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States Dist. Cts ("§ 2255 Rules") ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

Because it is in the interest of justice to appoint counsel in this matter, the motion for appointment of counsel is GRANTED. The matter is REFERRED to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) to ascertain whether Movant is financially eligible for appointed counsel and, if he is, to appoint counsel.

Caldwell has also filed a "Motion for Sanctions for Not Serving Plaintiff Copies of Pleadings," in which he states that he was not served with copies of either of the Government's motions for extensions of time. (D.E. 12.) The certificate of service in the Government's first motion reflects a copy was sent to a different prisoner who also has a pending § 2255 motion. (*See* D.E. 4 at 3.) The certificate of service in the Government's second motion shows that a copy was sent to Caldwell at his address of record. (*See* D.E. 6 at 3.) Although the inmate apparently did not receive a copy of at least the first motion, he was not prejudiced because the Court routinely grants reasonable extensions of time without waiting for a response from the opposing party. The second motion for an extension of time was granted because the Government had not received the documents from the state case at issue. (*See* D.E. 6 at 1.) Both motions would have been granted

even if Caldwell had filed objections. The motion for sanctions is DENIED. The Government is ORDERED to serve every document filed in this case on Caldwell at his address of record.[4]

With respect to Movant's request for bond (D.E. 13), this Court is authorized to order the release of prisoners, in appropriate circumstances, pending resolution of their habeas petitions. Fed. R. App. P. 23(b). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (internal quotation marks & alteration omitted). The Sixth Circuit has observed that "[t]here will be few occasions where a prisoner will meet this standard." Id.

The Court is not persuaded that issuance of a bond is appropriate in this case. The inmate's motion does not address the fact that he also has to serve two Kentucky sentences as a parole violator that are to run consecutive to his sentence in this case. (*See* PSR ¶¶ 28 & 29; *see also* D.E. 42.) Were the Court to grant his motion, it is likely that Movant would be transferred to a state prison in Kentucky, which would complicate the ability to have him produced in a timely manner for a hearing on his § 2255 Motion or for a resentencing hearing should the Court grant that motion. It also is unclear at this time whether Caldwell is entitled to release. In its answer, the Government has taken the position that Movant's original sentence was correct even though the charges of first degree robbery and first degree assault have been dismissed. (*See* D.E. 8 at 4-5.) Although the Court has not determined whether the Government is correct, it does not believe that extraordinary circumstances exist at this point to warrant release on bond. The motion for bond is DENIED.

---

[4] The Government is further ORDERED to mail Caldwell copies of its two motions for extensions of time within five business days of the date of entry of this order and to file copies of the certificates of service.

## III.       INSTRUCTIONS TO THE PARTIES

In its answer, the Government argues that Movant's sentence was correct.  (D.E. 8 at 4-5.) U.S.S.G. § 2K2.1(c)(1) provides that the cross-reference applies "[i]f the defendant used or possessed any firearm . . . in connection with the commission or attempted commission of another offense . . . ."  "'Another offense,' for purposes of subsection (c)(1), means any federal, state or local offense, other than the explosive or firearms or trafficking offense, regardless of whether a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1 application note 14(C) (2008). "Subsections (b)(6) and (c)(1) apply if the firearm . . . facilitated, or had the potential of facilitating, another felony offense or another offense, respectively."  Id. application note 14(A).

> In determining relevant conduct for a § 922(g) offense, the district court may consult U.S.S.G. § 2K2.1(c)(1), and the defendant's base offense level includes both the offense conduct and all relevant conduct pursuant to U.S.S.G. § 1B1.3(a). Relevant conduct includes not only all acts and omissions committed that occurred during the commission of the offense of conviction, but also all harm that resulted from the acts and omissions of the relevant conduct as well as all harm that was the object of such acts and omissions.
>
> Circuit precedent is clear:  the use of a firearm is relevant conduct that can trigger § 2K2.1(c)(1)'s cross reference to § 2X1.1's enhancement provision even if the weapon used in the related conduct is different from the weapon that formed the basis for the § 922(g) offense, if there is a clear connection between the offense firearm and the enhancement firearm.

United States v. Sanchez, 527 F. App'x 488, 492 (6th Cir.) (internal citations, quotation marks & alterations omitted), *cert. denied,* ___ U.S. ___, 134 S. Ct. 463, 187 L. Ed. 2d 310 (2013).

The Government's answer does not adequately address whether the robbery and assault on August 19, 2006 have been established to be part of the relevant conduct for sentencing purposes. The Government has the burden of establishing that Caldwell was responsible for the robbery and assault by a preponderance of the evidence.  *See* United States v. Watts, 519 U.S. 148, 157, 117 S. Ct. 633, 638, 136 L. Ed. 2d 554 (1997) (per curiam) ("a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that

conduct has been proved by a preponderance of the evidence"), *reh'g denied,* 519 U.S. 1144, 117 S. Ct. 1024, 136 L. Ed. 2d 900 (Feb. 18, 1997). In the cases relied on by the Government, in contrast to the instant case, there was no dispute that the defendant in those opinions actually committed the additional acts that were found to be relevant conduct. *See* Sanchez, 527 F. App'x at 490 (affirming a cross-reference to assault with intent to commit murder; attempted murder after a sentencing hearing at which, *inter alia*, "[d]efendant conceded that . . . he had shot Sandoval"); United States v. Settle, 414 F.3d 629, 631 n.1 (6th Cir. 2005) ("Settle informed the court that he had no objection to the description of his offense of conviction and other relevant conduct as set forth in the presentence report. These admitted facts demonstrate a clear connection between the firearm that Settle possessed on July 4, 2002 (in an attempt to kill Young) and the other firearms he possessed thereafter (in order to shoot Young and to avoid detection for that shooting)."). Even when it is undisputed that a defendant possessed a firearm on two days, there must still be a clear connection between the two firearms. United States v. Howse, 478 F.3d 729, 733-34 (6th Cir. 2007).

At the sentencing hearing, Caldwell argued, at length, that it had not been established that he committed the robbery and assault on August 19, 2006. (*See, e.g.,* D.E. 47 at 9-10, 39-41.) Defense counsel also argued that it had not been proven that the gun seized from Caldwell's vehicle was the same gun used in the robbery and assault on Cox. (Id. at 45-46.) The Court rejected those arguments because Caldwell had been convicted of the robbery and assault after a jury trial. (Id. at 64; *see also* id. at 43, 58, 61.) The Court of Appeals affirmed, stating as follows:

> The parties agree that the government needed to prove the applicability of the challenged Guidelines provision only by a preponderance of the evidence. In our view, the government met that burden. Both parties acknowledge that Caldwell was convicted by a Kentucky jury of armed robbery and assault. Additionally, they both acknowledge that the victim was beaten with a gun and that the magazine found at the scene of the robbery fit the gun found in Caldwell's car just a few days after the robbery.

Slip op. at 3, United States v. Caldwell.

At the sentencing hearing, the Court made clear that Movant's sentence might need to be revisited if his Kentucky convictions were vacated. (*See* D.E. 47 at 38, 41-42, 51, 61-62.) The prosecutor also stated that, "if the event takes place where the conviction is reversed, then the defendant would be entitled to come back and be resentenced in this matter." (Id. at 12.) The robbery and assault charges were dismissed pursuant to a plea agreement, with Caldwell pleading guilty only to unlawful possession of a firearm. Given that the victim could not positively identify Caldwell as the person who had robbed and assaulted him and that no forensic evidence was introduced at the federal sentencing hearing linking the magazine found at the crime scene to the firearm seized from Caldwell's vehicle, the Court is not persuaded that the Government has adequately addressed whether the § 2K2.1(c)(1) enhancement has been established by a preponderance of the evidence.

Therefore, the Government is ORDERED to file a supplemental answer addressing these issues within thirty days of the date of entry of this order. Any supplemental reply by Movant should be filed within thirty days of filing of the Government's supplemental answer.

IT IS SO ORDERED this 14th day of April 2014.

                                            s/ J. DANIEL BREEN
                                            CHIEF UNITED STATES DISTRICT JUDGE